JARRATT ET AL. VS. McDANIEL ET AL.

1. MORTGAGE: *Future advances.*
   A mortgage to secure indefinite future advances is valid as against third parties.

2. ————: *Unplanted crop.*
   Under the act of February 11th, 1875, a mortgage on an unplanted crop is valid at law, and the mortgagee may maintain replevin for the mortgaged property.

APPEAL from *Lee* Circuit Court.

Hon J. N. CYPERT, Circuit Judge.

*Brown,* for appellant.

*Howes, contra.*

ENGLISH, CH. J.:

This was an action of replevin, by complaint and summons, commenced in the Court of Common Pleas of Lee County, on the 21st of January, 1876, by McDaniel & McCormick against Jarratt & Rogers for possession of three bales of cotton.

The plaintiffs claimed title to the cotton by virtue of a mortgage, with power of sale, executed to them by John W. Ridling on the 20th of March, 1875, acknowledged and registered in the recorder's office in Lee County 16th of June, 1875, and which had matured before the suit commenced.

The proceedings in the Court of Common Pleas, except the complaint and the mortgage made an exhibit thereto, and the writ, are not copied in the transcript before us. It was tried in the Circuit Court of Lee County, at the October Term, 1876, on appeal, we suppose, from the Court of Common Pleas, no objection appearing to have been made in the Circuit Court, and none made here, as to the manner in which the case got into that court.

The transcript of the proceedings in the Circuit Court shows that the parties appeared, and agreed that the complaint should

be considered as traversed, and the cause submitted to the court, sitting as a jury, on an agreed statement of facts, as follows:

"For the purposes of this case it is agreed that the cotton in controversy was raised upon the five acres mentioned in the mortgage filed with plaintiff's complaint as an exhibit. That defendants purchased said cotton in the town of Marianna, on the 22d day of November, 1875, from one Russell, who was in possession of the cotton, and represented to defendants that he was the owner thereof, and that there was no incumbrance thereon by mortgage or otherwise. That defendants paid Russell for said cotton $141.48, which was its full market price. That suit was brought in the Court of Common Pleas of the County of Lee by the plaintiffs to recover possession of said cotton; that the cotton was found by an officer in the possession of defendants, and that before suit brought plaintiffs made demand of defendants for return of said cotton. It is further agreed that the mortgage was given before the crop was planted, and that the account filed showing a balance due McDaniel and Mc-Cormick from the mortgagor is true."

On behalf of plaintiffs, the court made the following declarations of law:

"*First*—A mortgage given for an expressed consideration of five dollars to secure future indefinite advances on open account having been duly executed, acknowledged and delivered, and having been filed for record in the county where the property was at the date thereof, is sufficient notice to a purchaser of said property.

"*Second*—A mortgage upon a crop not planted, but describing the premises upon which the crop is to be planted in the same place is a good and valid mortgage."

The defendants moved the following declarations of law, which the court refused:

"*First*—A mortgage in consideration of the sum of five dollars in hand paid, but for no specified amounts for which it is a security, although duly recorded, is not sufficient notice to a party purchasing property embraced in said mortgage from a third person who has said property in his possession, and the purchaser, without other notice than that of such mortgage, acquires a good title to said property free from any lien of the mortgage.

"*Second*—A mortgage upon five acres of cotton, executed before the cotton is planted, is void."

The court found for plaintiffs, and it being admitted that the cotton sued for had been disposed of by defendants, rendered judgment in favor of plaintiffs for $141.48, the value of the property, with interest from the 23d of November, 1875.

Defendants moved for a new trial, which the court refused, and they took a bill of exceptions, setting out the facts, and appealed to this court.

I.   The first declaration of law made by the court below at the instance of appellees, and the first declaration of law moved for appellants, and refused by the court, present the question whether the mortgage relied on by appellees for title to the cotton in controversy was invalid as against appellants, because it was indefinite as to the amount of advance to be made by appellees, the mortgagees, to Ridling, the mortgagor.

By the mortgage Ridling conveyed to McDaniel & McCormick, for and in consideration of the sum of $5, the receipt of which was duly acknowledged, one sorrel horse, one black cow, one red cow, and two yearling calves, "and five acres more or less of cotton, and ten acres more or less of corn to be planted and produced during the year 1875, on Maj. John D. Thomas' farm in Lee County, State of Arkansas, to have and to hold the same, etc., etc., conditioned, however, as follows:   Whereas, the

Jarratt et al. vs. McDaniel et al.

said party of the first part, is indebted to the parties of the second part in the sum of —— dollars on account; and, whereas, said first party will become further indebted to the said second parties during the year 1875, on a continuing account for goods, wares and merchandize and supplies and moneys to be furnished and advanced to him by said second parties, and for all indebtedness that may accrue and remain unsettled and not paid after the year 1875, until settlement of said account, now if the party of the first part shall well and truly pay to the parties of the second part the sum hereinbefore mentioned and all their indebtedness which may then be due the parties of the second part by the party of the first part, together with the costs of this trust, on or before the 15th day of November, 1875, then this conveyance shall be void, otherwise to remain in full force and effect. And in case any default shall be made in the payment of said indebtedness as herein set forth, or should the party of the first part, prior to said 15th day of November, 1875, sell or attempt to sell, ship, remove or otherwise dispose of the property herein conveyed, or any part thereof, without the consent of the parties of the second part, then in either event the parties of the second part, their agent or attorney, is hereby authorized and empowered to take charge of said property, on demand without process of law, and sell and dispose of the same or so much as will be necessary, at public sale, at Forrest City, for cash in hand, upon two weeks' notice in some newspaper published in the county, etc., etc., and out of the proceeds of sale said parties of the second part are to retain the sum due them as herein set forth, and the costs of this trust and of sale, rendering the surplus, if any, to the said party of the first part," etc.

What advances appellees made to Ridling after the execution of the mortgage, or at what time such advances were made, does not appear in the transcript before us. It appears from the

agreed statement of facts that there was an account on file in the court below, showing a balance due appellees, from the mortgagor, but appellants did not think proper to incorporate the account in their bill of exceptions, or otherwise make it part of the record. They purchased the cotton of Russell after the maturity of the mortgage, and it must be presumed in favor of the judgment of the court below, in the absence of any showing to the contrary, that the advances were made before the maturity of the mortgage, and amounted to as much, or more, than the amount for which the court rendered judgment in favor of appellees against appellants. Nor did appellants think proper to prove how, or where Russell, of whom they purchased the cotton, obtained possession of it. They seem to have relied solely upon the propositions, first, that the mortgage was invalid as to them because it was indefinite as to the amount of advances to be made by appellees to Ridling, and, second, that it was void as to the cotton for the reason that the crop was not planted at the time the mortgage was executed.

We have no statute (as in some of the States) requiring the definite amount to be advanced by a mortgagee to be stated or fixed in the mortgage.

By our statute all mortgages, in order to be good against subsequent purchasers or incumbrancers, must be acknowledged and recorded, and are a lien upon the mortgaged property from the time they are filed in the recorder's office for record. Gantt's Digest, secs. 4287-8, etc.; *Main* v. *Alexander,* 9 Ark., 112; *Jacoway* v. *Gualt,* 20 Ark., 190; *Hannah* v. *Carrington,* 18 Ib., 105.

Mortgages to secure future advances have always been favored by the common law. A statute requiring the amount to be stated, is a modification of the common law, under which the mortgage would be equally valid without such limitation. 1 Jones on Mortgages, secs. 365, 366-7, etc.; *Witczinski* v. *Eveman,* 51 Miss., 841, 845; *Allen* v. *Lathrop,* 46 Geo., 133.

In *Allen* v. *Lathrop, supra,* the mortgage was made in consideration of advances in money and plantation supplies to be furnished for the purpose of carrying on a farm for the year 1870, no sum being named, and the court held the mortgage valid, notwithstanding a statute of Georgia requiring a mortgage to specify the debt which it is given to secure.

A mortgage to secure future advances, which on its face gives information enough as to the extent and purpose of the contract, so that any one interested may, by ordinary diligence, ascertain the extent of the incumbrance, whether the extent of the contemplated advances be limited or not, is valid. 1 Jones on Mortgages, sec. 373.

In this case it was optional, perhaps, with the mortgagees whether they would make future advances to the mortgagor upon the faith of the mortgage or not, and if appellants had purchased the cotton, and given appellees notice of their purchase before they made any advances, it may be that they could not have defeated the purchase of appellants by making advances after such notice, but the adjudications on this subject are not in harmony; and the record before us makes no such case. See 1 Jones on Mortgages, secs. 371, 373 ; *LaDue* v. *Detroit & Milwaukee R. R. Co.,* 13 Mich., 380; *Witczinski* v. *Everman,* 51 Miss., 841 ; *Birnie et al.* v. *Main,* 29 Ark., 594.

II.   The mortgage before us was not void as to the cotton because executed before the crop was planted.

This court held in *Apperson & Co.* v. *W. E. & C. L. More,* 30 Ark., 56, that where a mortgage is executed on an unplanted crop a lien attaches, in equity, as soon as the subject of the mortgage comes into existence, and, in a proceeding to foreclose, will be enforced against the mortgagor and those holding under him with record notice; but that the mortgagee could not maintain an action at law, by virtue of the mortgage, for the

crop when produced; that he had an equitable lien upon, but not a legal title to the crop.

Such was held to be the law before the passage of the Act of February 11th, 1875 (Acts of 1874-5, p. 149), which was passed before the decision in the above case, but the mortgage involved in that case was executed, and the suit brought prior to the passage of the act.

The act provides: "That all mortgages executed on crops already planted, or to be planted, shall have the same force and effect to bind such crops and their products, as other mortgages now have to bind property already in being."

The mortgage now before us was executed after the passage of this act, and had the same force and effect to bind the cotton as it did the cattle embraced in it, or as it would if the cotton had been in being when the mortgage was executed.

Appellees could not have brought replevin for the cotton before it was planted, or while it was growing, but if they could not bring an action at law for it, after it was gathered and baled, and after the maturity of their mortgage against appellants, who had possession of it, and claimed it adversely, but were obliged to resort to equity to enforce their lien, then the above act amounted to nothing, and it was useless to pass it.

The counsel for appellants submit that the other property embraced in the mortgage might have been sufficient to satisfy the debt of appellees without their resorting to the cotton.

No such defense was interposed in the court below if it might have been.

Appellants might, perhaps, have protected themselves by resorting to the equity side of the court to compel appellees to foreclose, and to have the property embraced in the mortgage marshalled. *Moss* v. *Adams et al., ante; Terry* v. *Rosell, ante.*

But they set up no valid defense to this action, and the judgment must be affirmed.