### ROBERT WILSON *v.* JAMES VAUGHAN.

NOTICE. *Mortgage to secure note. Omission of amount.*

The failure of a mortgage to recite the amount of a note which it is given to secure *will not* subordinate it to creditors who have no actual notice of the mortgage. *Witczinski* v. *Everman*, 51 Miss. 841.

APPEAL from the Circuit Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

The appellee filed a bill to foreclose a mortgage which he held upon the lands in controversy. The mortgage bears date April 2, 1879, and was duly recorded, and recites that it was given "to

secure a promissory note dated 2d day of April, 1879, due five years after date, with interest at the rate of ten per cent. per annum, payable annually, on the 1st of each January," but fails to state the amount of the note. The appellant was in possession of the lands by virtue of a sale of them under a judgment recovered by him subsequent to the execution of the mortgage. He had no actual notice of the mortgage, and claimed in his answer that in consequence of the failure of the mortgage to state the amount of the note it was no notice to him. Decree of foreclosure was rendered, from which this appeal is taken.

*R. Bowman,* for the appellant.

The question presented is, was the mortgage of Mrs. Vaughan notice to prior or subsequent incumbrances? There was no amount mentioned to be secured except the ten dollars consideration. Robert Wilson testifies that he did not know the amount of the note until this bill was filed. There was no notice by the record of this mortgage as to consideration. Parol evidence is inadmissible to show a different consideration in a deed from the one mentioned in it. *Kerr* v. *Calvitt,* Walk. (Miss.) 115. Mortgages are required to be recorded. Section 2306, Code 1871. The purpose is to give notice of the incumbrance. Wilson bought without actual or constructive notice of the amount due to Mrs. Vaughan. He bought in good faith and for a valuable consideration. He was misled by the mortgage to Mrs. Vaughan. It was a device to ensnare an innocent purchaser and should not be upheld in a court of equity. There was nothing on the record to show what was due except the ten dollars.

*Calhoon & Green,* on the same side.

Was the record of the mortgage notice to appellant, is the sole question here. The language of the mortgage here is identical almost with that in *Hart* v. *Chalker,* 14 Conn. 77, cited by Wade on Notice, § 178, and it was there held insufficient. See also *Pettibone* v. *Griswold,* 4 Conn. 158 ; Wade on Notice, §§ 178, 179, 180 *et seq.*

*W. P. & J. B. Harris,* for the appellee.

The trust deed, which was duly recorded, recites: "This conveyance is on this condition: Whereas, the said parties of the first

part have executed in favor of the said parties of the second part their joint promissory note dated this 2d day of April, 1879, and due five years after date, with interest at the rate of ten per cent. per annum, payable annually on the 1st of each January." This we insist was sufficient notice under the decisions in this State. *Parker* v. *Foy*, 43 Miss. 260; *Witczinski* v. *Everman*, 51 Miss. 841–845.

CAMPBELL, C. J., delivered the opinion of the court.

The right of the mortgage creditor was paramount to the claim of the judgment creditor. *Witczinski* v. *Everman*, 51 Miss. 841; Wade on Law of Notice, § 180.

*Decree affirmed.*