OF THE STATE OF ARKANSAS. 455

TERM, 1859.]        M., O. & R. R. R. Co., vs. Gaster.

MISSISSIPPI OUACHITA & RED RIVER R. R. CO., VS. GASTER.

In a suit by a corporation it is not necessary to aver in the declaration, that the plaintiff is a corporation duly constituted and authorized by law to sue in its corporate name—if the legal existence of the corporation be questioned, it must be done by plea.

In a suit against a stockholder for assessments upon his stock, which could only be made by the Board of Directors, under the charter, the averments in the declaration, that "the corporation was organized," and that "the Board of Directors of said corporation made assessments," etc., are sufficient averments of the existence of the Board of Directors.

Where the charter prescribes that "payment of the shares of the capital stock of the company shall be made in such sums, and at such periods as shall be fixed by the Board of Directors; *Provided*, That sixty days' notice be given of each call, published in at least two newspapers in South Arkansas, and one in the city of Little Rock:" the notice thus prescribed is a condition precedent to the right of action by the company; and a suit to recover the amount of the assessments, if instituted before the defendant has had sixty days' notice, would be prematurely brought, and could not be maintained: but the *mode* of giving notice is directory: and personal notice is sufficient.

The declaration in such case set forth the days on which the assessments sued for were made, alleging that the defendant then had notice, and was requested to make payment. Held on demurrer, that the court will look to the time of filing the declaration to ascertain whether the sixty days had expired.

It is unnecessary to make profert of the defendant's written subscription to the capital stock of a company, in a suit for calls made upon his stock—the written subscription not being declared on as the foundation of the action.

*Writ of Error to Drew Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

WATKINS & GALLAGHER, for plaintiff in error.

Plaintiff sues by her corporate name, given her by public law

of the State, and of which our courts are bound to take notice. *Angel & Ames on Corp.* 632; *Act of 22d January,* 1855, *sec.* 3.

The legal liability of the defendant arises from his taking the shares of stock, and is fixed by the act of incorporation, and a promise to pay is implied. *Pierce on Am. R. R. Law,* 63 *note,* 60, *n.* 4.

The promise is laid as having been made to the plaintiff by the defendant: she exists—as the court is bound to know, and as the demurrer admits—but if it be necessary to aver the fact, the declaration contains express averments that the company fully organized, etc.

There was no necessity of a profert of the subscription. The contract is not laid as being founded on any instrument or note in writing.

JAMES YELL and WILLIAMS & WILLIAMS, for defendant.

We submit that the demurrer was properly sustained; because the plaintiffs, in their declaration, show no legal liability upon defendant to pay; for even if it was not necessary to set out and plead, in general terms, the corporate existence of the plaintiff, by reason of the charter being a public law, yet it certainly was necessary to set out and show, in the declaration, that a Board of Directors were elected and organized in accordance with the provision of their charter. See *Pamph. Acts of* 1854, *p.* 221, *secs.* 9, 10; for until calls were made by a legal Board of Directors, there was no liability to pay. *Secs.* 6, 14.

Again, there is no legal liability shown, because the charter requires a call, with sixty days notice in at least two newspapers in south Arkansas and one in Little Rock, which is special matter, and forms a condition precedent to the right of plaintiff to sue, and must be specially averred and proven. Where special notice is required, a general averment, as in the declaration in this case, " of all which the defendant had notice," is not sufficient. 1 *Saund. on Pl. & Ev.* 132, 133; 1 *Chit. Pl.* 328, 329.

Again, the declaration is defective in not making profert of the written subscription.

Mr. Justice COMPTON delivered the opinion of the Court.

This was an action of assumpsit to recover of the defendant in error, the amount of certain assessments due upon his shares in the capital stock of the plaintiff.

By act of the Legislature, which was declared to be a public law, the plaintiff was incorporated for the purpose of constructing a railroad, with the powers and privileges usually granted for such a purpose. *Acts of* 1854, '5, *p.* 220. The declaration contains four counts. The Court sustained a demurrer to the first, second and third; whereupon, the plaintiff dismissed as to the fourth count, and brought error.

It is urged in argument that the declaration is defective, because it does not aver that the plaintiff is a corporation, duly constituted, and authorized by law to sue in its corporate name. Such averments are not necessary. The rule is, that corporations may sue in their corporate name, and, if their legal existence be questioned, it must be done by plea. *Angel & Ames on Corp.* 631, 632, *and authorities cited.* Furthermore, the act incorporating the plaintiff, is a public law, of which the courts are bound to take judicial notice. It is also urged that there is no sufficient averment of the existence of a Board of Directors, who alone had the power to make the assessments. The first count avers that " the corporation was organized," and that " the Board of Directors of said corporation made assessments," etc. These averments are a substantial compliance with the rules of pleading, and are sufficient.

It is next insisted that there is no sufficient allegation of notice to the defendant of the several assessments on his shares in the capital stock of the company. Section 6 of the act of incorporation provides, that " payment of the shares of the capital stock of the company shall be made in such sums, and at such periods, as shall be fixed by the Board of Directors; *Provided*, that sixty days notice be given of each call, published

29

in at least two newspapers in south Arkansas, and one in the city of Little Rock." This was a provision for the benefit of the stockholder, and the object was, not only to notify him that the assessments had been made, but also to allow sixty days in which to make payment. The notice thus prescribed is a condition precedent to the plaintiff's right of action. *Pierce's Railroad Law* 108, *and authorities cited*. A suit, therefore, to recover the amount of the assessments, if instituted before the defendant has had sixty days notice, would be prematurely brought, and could not be maintained. *Com. Dig.*, title ACTION, (*E* 1) (*E* 2) (*E* 5) *Zackery vs. Brown et al.*, 17 *Ark.* 443. The first count specifically sets forth the days on which the assessments were severally made, running through a series of years, from the 10th November, 1852, to the 27th November, 1856, and avers that the defendant, on those days, had notice of the assessments, and was requested to make payment. These allegations, when taken in connection with the fact, that the declaration was filed on the 14th August, 1858,—which, for the purposes of the demurrer, may be done, as in *Zackery vs. Brown et al.*, 17 *Ark.* 443—show that the defendant had more than sixty days notice of the assessments prior to the commencement of the suit. True, it does not appear that sixty days notice was given by publication in newspapers, as prescribed by the charter; and this raises the question, whether the *mode* of giving the notice, as well as the *notice itself*, is a condition precedent to the plaintiff's right to recover. We think it is not. One of the criterions by which to determine whether the requirements of a statute are imperative, or merely directory, is that those acts which are of the essence of the thing required to be done, are imperative; while those which are not of the essence, are directory. 1 *Burrow* 447; *Smith's Com. page* 792. The case before us, is an apt illustration of the rule. The giving of sixty days notice is imperative, and must be strictly complied with, because it is of the essence of the thing required to be done—the *mode* of doing so, is directory, because not of the essence, and may be either by publication in the manner

prescribed by the charter, or by actual personal notice.    In the *Lexington & West Cambridge Railroad Company vs. Chandler*, 13 *Met.* 311, which was an action to recover the difference between the amount of an assessment, and the sum at which the defendant's shares had been sold by order of the directors, it appeared that, by an article in the by-laws of the corporation, it was provided, that in case of sale, the Treasurer should notify the delinquent owner, when his residence was known, " by letter, seasonably put in the mail." SHAW, C. J., in delivering the opinion of the Court, said: " It appears that a written notice, signed by the Treasurer, was delivered to the defendant, or left at his dwelling-house, but that no notice of such sale was sent through the post office.   The Court decided that the notice given was sufficient, provided the jury were satisfied that it was in fact received by the defendant, as soon as he was entitled to receive it by mail.   We think this was right.   The by-law intended to provide an easy, convenient, and, under ordinary circumstances, a certain mode of giving and proving notice; but it was directory to the Treasurer, and not a condition precedent," etc.   This rule of construction is supported by authority, and certainly no reason can be given why actual notice, in such a case, would not be as good as that of publication, which would be but constructive notice.    Under the allegations in the first count, it would be competent for the plaintiff to prove either.

According to the view we have taken, the first count is good, and, as to it, the demurrer ought to have been overruled.

The only remaining question, discussed by counsel, is as to the necessity of making profert of the defendant's written subscription to the capital stock of the company; and the objection taken, can only apply to the second count, in which alone, it is alleged that the defendant, in consideration that the plaintiff did then and there permit him to subscribe a certain agreement to become a member of said corporation, and the proprietor of two hundred shares therein, *whereby* said defendant *became* a member and proprietor as aforesaid, *and there and then*

460        CASES IN THE SUPREME COURT

M., O. & R. R. R. R. Co. vs. Gaster.        [May

*promised,*" etc.    At common law, profert was necessary of
deeds only.    It was not necessary of any written agreement
not under seal, nor of any instrument which, though under
seal, did not come within the technical definition of a deed; as
a sealed award, and the like.    *Com. Dig. Pleader* (*O* 3), 3
*Caines Rep.* 256; *Leafe vs. Box*, 1 *Wils.* 121.    In the construc-
tion put upon several of our statutory provisions by this Court,
in *Beebe vs. The Real Estate Bank*, 3 *Ark.* 127, this rule of the
common law was held to be enlarged, and that, under our
statute, profert of a promissory note, as well as of a bond, was
necessary, and its omission was ground of general demurrer.
This case has been followed by others, as in *Alston & Patrick
vs Whiting & Slark*, 1 *Eng.* 402, where it was held that pro-
fert of the assignment of a note or bond was necessary.

In the case now under consideration, the written subscrip-
tion of the defendant was not declared on as the foundation of
the action.    He became the proprietor of two hundred shares
of the stock by subscription, which is the usual mode of taking
it, though it may be done otherwise, if consistent with the
provisions of the charter.    Upon his becoming a stockholder,
his liability to pay such installments as might be assessed
according to the terms of the charter, was fixed by the act of
incorporation.    It was on this statute liability that the second
count, as well as the others, was framed, and not on the writ-
ten agreement, which was treated as the mode by which the
defendant became a stockholder, as shown by the language of
the pleader, above quoted; and, being mere matter of evidence,
profert was not necessary.

The demurrer, however, was properly sustained to the second
and third counts, because they contained no sufficient aver-
ment that the defendant had sixty days notice of the assess-
ments prior to the commencement of the suit.

The judgment of the Court below must be reversed, and the
case remanded for further proceedings.

The foregoing opinion applied, also, to the cases of

*Mississippi, Ouachita & Red River R. R. Co. vs. Withers.*

| same | same | vs. *Martin.* |
|------|------|---------------|
| same | same | vs. *Branson.* |
| same | same | vs. *D. Gaster.* |
| same | same | vs. *Bush.* |