Ford v. Burks et al.

---

## FORD V. BURKS ET AL.

1. ACKNOWLEDGMENT OF DEEDS: *The word "purposes" necessary in.*
   An acknowledgment of a mortgage which does not show that the mortgage was executed for the *"purposes"* therein expressed, is insufficent to admit it to record; and the mortgage is no lien upon the property, as against a subsequent purchaser, even with notice.

2. MORTGAGE: *Not released by taking other security.*
   A subsequent written agreement by the mortgagor and new sureties, to pay the mortgage debt by a future fixed day, in consideration that the mortgagee will forbear suit on the debt until that day, is no release of the mortgage; and an unsatisfied judgment on such agreement is no bar to a suit to foreclose the mortgage.

3. SECURITIES: *Cumulative and collateral.*
   Cumulative and collateral securities may be all pursued simultaneously, but the party can have but one satisfaction.

APPEAL from *Drew* Circuit Court in Chancery.

Hon. T. F. SORRELLS, Circuit Judge.

### STATEMENT.

In February, 1878, Ford filed in the Circuit Court of

Drew county, his complaint in equity against Henry C. Burks, showing that in March, 1873, Burks executed to him a mortgage upon sundry tracts of land in Drew county (describing them) to secure the payment of a note executed to him for $740, due March first, 1874. That afterward for a valuable consideration he released a part of the tracts from the mortgage, and the defendant had conveyed to him his equity of redemption in another part of them and there still remained another part subject to the mortgage, (particularly describing these several parts) That the note was wholly unpaid. Prayer for judgment against the defendant for the debt, and for foreclosure of the mortgage upon the lands. The note and mortgage, with the certificate of acknowledgement, were exhibited with the complaint.

Burks for defense, answered that on the third day of January, 1876, Maximillian M. Snider and Charles M. Burks assumed and undertook with himself in writing to pay to the plaintiff the said promissory note by the first day of January, 1878, in consideration that the plaintiff would forbear to sue on said note until that date. That on the twenty-fifth day of January, 1878, the plaintiff brought suit on said undertaking against him and said Charles M. Burks and the heirs of said Snider, in the Drew Circuit Court, and recovered judgment against them at the February term, 1878; and that the foundation of said suit and judgment was the seven hundred and forty dollars specified in said note, and was no other or different consideration, and that said judgment was still in full force and effect and not appealed from. A transcript of the record in that case is filed as an exhibit with the answer.

On the seventeenth day of February, 1879, William T. Wells and James T. Jackson, claiming an interest in the lands, asked and were allowed to file their answer to the plaintiff's complaint, in which they set forth, that on the

Ford v. Burks et al

sixteenth day of February, 1878, and before the commence-ment of this suit, the defendant, Henry C. Burks, had con-veyed to them in payment of fees he owed them for legal services, and of money advanced to him, certain tracts (describing them) of the lands specified in the plaintiff's mortgage, and that said mortgage had not been properly ac-knowledged and recorded according to law, and that they were innocent purchasers without notice, and for a valuable consideration. They pray that the plaintiff's mortgage as to their lands be cancelled and their title be quieted. Their deed is exhibited with their answer.

Upon the hearing, the court found that the acknowledg-ment of Burks to the plaintiff's mortgage was insufficient and dismissed the complaint for want of equity. The plaintiff appealed.

The character of the acknowledgment is shown in the opinion.

*McCain*, for appellant:

In case of mortgages the "consideration" is really the same with the "purpose." *Jones on mortgages, Sec.* 611; *Bouvier's Dic,* "*consideration;*" *Blackstone's Com., vol* 2. A substantial compliance with the statute is all that is re-quired. *Jacoway* v. *Galt*, 28 *Ark.*, 190, 26 *Ark.*, 128, 32 *Ark.*, 453.

EAKIN, J. This cause was decided in the court below upon the ground that the mortgage had not been acknowl-edged for registration in accordance with the statute, and therefore gave no lien upon the lands subsequently pur-chased by Jackson and Wells.

The first question presented, regards the sufficiency of the certificate of acknowledgment. The words "*and purposes,*" commonly used after the word "*consideration*" and as re-quired by the statute, are omitted.

1. AC-KNOWL-EDGMENT OF DEEDS: The word "purpo-ses," nec-essary in.

The question resolves itself into this: Have the words any distinctive significance, or does the use of one or either, substantially imply all that is contained in the other?

The legislature has seen fit to prescribe the use of both, from which we must infer that some substantial evidence was supposed to exist, and we think this is implied also in the ordinary significance of the words, as used in connection with legal instruments. In ordinary parlance the considerations which prompt an action, may not be easily distinguished from the purposes sought to be effected. But with regard to legal instruments and in the connection in which it is used in the statute, the word " *consideration* " has a more limited and technical meaning, distinct from motives or purposes. It means something of value in the eye of the law; something in the way of price or compensation, which may be of value to the obligor or of detriment to the obligee. Whereas " purposes " evidently means the *effect* which the instrument is intended to have upon the rights of the contracting parties and the status of the subject matter.

To illustrate in case of a mortgage. The loan is the *consideration*; but the *purpose* of the mortgage is to create a certain and definite security for the repayment, either by bill in equity or sale under a power. The words have a distinctive meaning and are each substantial. The legislature having required the use of both, the Court did not err in holding the certificate to be insufficient.

The law may seem very technical and vigorous, yet it is the duty of the Court to give it effect until repealed or modified.

Mortgage not properly acknowledged, no lien. It has been well settled in this State by repeated decisions that a mortgage not duly recorded creates no lien against subsequent purchasers, even with notice. This ruling has been on the language of the statute, and has now become a

Ford v. Burks et al.

rule of property which cannot be safely disturbed, save by the prospective operation of a statute.

There was no error therefore, in holding that the lien of the mortgage did not attach to the lands subsequently pur-chased by Jackson and Wells. As to them, the bill was pro-perly dismissed; but this does not dispose of the whole case.

2. MORT-GAGE: Not re-leased by new secu-rities.

It remains to consider whether there be any remaining equities against the mortgagor. The original mortgage was not released by the subsequent guaranty given by the joint note of Burks and Snyder; they merely assume to pay it in consideration of further forbearance. The security was cumulative and the foreclosure of their guaranty by previ-ous bill in chancery, without a sale and payment, did not amount to such satisfaction as would preclude a suit upon the original mortgage. Cumulative and collateral securities may be all pursued together, although the party can have but one satisfaction. Upon platting the lands and compar-

3. SECURI-TIES: Cumula-tive and collateral, all pursu-able.

ing them with the several deeds exhibited and the descrip-tions in the pleadings, several mistakes are obvious. Tak-ing the description however as probably intended, the lands are not all exhausted by the release of the mortgagee, or the conveyance of the equity of redemption, or the deed to Wells and Jackson. There remains, especially, the N. W. ¼ of the N. W. ¼ of Sec. 36, and the N. E. ¼ of the N. E. ¼ of Sec. 35, which seem yet subject to the mortgage. They are most probably of little value, and may therefore have been overlooked or released by consent. We cannot tell however, how that may be, and as these lands are still sub-ject to the mortgage, it was error to dismiss the suit for want of equity. For this reason let the decree be reversed, save as to Wells and Jackson, and the cause remanded for further proceedings consistent with this opinion.