EXCHANGE NATIONAL BANK v. L. J. CAPPS ET AL.

[FILED JUNE 30, 1891.]

1. **Banks:** ACTION ON NOTE: CORPORATE CAPACITY. The maker of a note, payable to a bank, cannot, in an action on the note, raise the question of the incorporation of the bank.

2. **Corporations:** CAPACITY NEED NOT BE PLEADED. At common law, a corporation may sue and be sued by the corporate name, without an averment of the act of incorporation, and the Code has not changed the common law in that regard.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Tibbets, Morey & Ferris*, for plaintiff in error, cited: *Farrell v. Cook*, 16 Neb., 483; 4 Am. & Eng. Ency. Law, 284; *Bank v. Harding*, 1 Neb., 461; *Bair v. Bank*, 27 Id., 577; Angell & Ames, Corp. [11th Ed.], sec. 635.

*John M. Ragan, contra*, cited: Bliss, Code Pleading, sec. 408; *Farrell v. Cook*, 16 Neb., 483; *Brownson v. Metcalfe*, 1 Handy [Cin. S. Ct.], 188; 1 Chitty, Pl. [10th Ed.], 256; *Williams v. Bank*, 7 Wend. [N. Y.], 540, and cases; *Welland Canal Co. v. Hathaway*, 8 Id., 486, and cases; *Devoss v. Gray*, 22 O. St., 159.

MAXWELL, J.

The plaintiff brought an action against the defendants in the district court of Adams county upon a petition as follows:

" EXCHANGE NATIONAL BANK, HASTINGS, NEBRASKA,
　　　　　　*v.*
" LUCIUS J. CAPPS AND WILLIS P. McCREARY, copartners under name and style of Capps & McCreary.

" *First Cause of Action.*

"1. Plaintiff complains of defendants and alleges that on the 24th day of October, A. D. 1888, defendants did make and deliver to plaintiff a promissory note in writing in the following words, viz.:

" '$250.　　　　　HASTINGS, NEB., Oct. 24, 1888.

" 'Sixty days after date, for value received, we promise to pay to the order of the Exchange National Bank, Hastings, Nebraska, two hundred and fifty dollars, with interest at the rate of ten per cent per annum from maturity

until paid.    Negotiable and payable at the Exchange National Bank, Hastings, Nebraska.

"'No. 13108.    Due Dec. 25–26, 1888.'

"*Second Cause of Action.*

"1.  Plaintiff alleges that on the 26th day of December, 1888, defendants made and delivered to plaintiff a certain promissory note in writing in the words and figures following, to-wit:

"'$341.75.          Hastings, Neb., Dec. 26, 1888.

"'Ninety days after date, for value received, we promise to pay to the order of the Exchange National Bank, Hastings, Nebraska, three hundred and forty-one and $\frac{75}{100}$ dollars, with interest at ten per cent per annum from maturity until paid.    Negotiable and payable at the Exchange National Bank, Hastings, Neb.

"'No. 3526.    Due March 26–29, 1889.

"'(Signed)          Capps & McCreary.'

"3.  No part of said notes has been paid, and there is now due the plaintiff from defendants the sum of five hundred and ninety-one and $\frac{75}{100}$ dollars, with interest on $250 thereof from December 25, 1888, and on $341.75 thereof from March 25, 1889, at the rate of ten per cent per annum, for which, with costs of suit, plaintiff prays judgment."

The defendants demurred to the petition on the ground that the plaintiff had not legal capacity to sue.    The demurrer was sustained and the action dismissed.

In *Platte Valley Bank v. Harding*, 1 Neb., 461, it was held that the maker of a note payable to a bank, in an action on the note, cannot raise the question of the bank's incorporation.    In Angell & Ames on Corporations, section 632, it is said, " It is, however, generally admitted, that a corporation may declare in its corporate name, without setting forth in the declaration the act of incorporation or averring that it is a corporation if the act be private."

At common law it is not necessary to set forth in the declaration the act of incorpo.ation, when an action is brought in the corporate name. The Code was designed to simplify procedure. There is no requirement of the statute that the act of incorporation shall be averred, and it seems to be sufficient to bring the action in the corporate name.

In *Stanly v. R. & D. R. Co.*, 89 N. Car., 331, it is said : "It is difficult to assign any sufficient reason why a corporation suing or sued, should be designated by any further description than its corporate name, which does not apply with equal force to a natural person, the only purpose in either case being to point out the party to the action. The appearance and plea to the merits or answer is a concession of the sufficiency of the designation of the person, natural or artificial, and, if intended to be disputed, it should be under the present practice by answer."

So un.ler the section of the Iowa Code in regard to actions on written instruments, when "suit may be brought by or against any of the parties thereto, by the same name and description as those by which they are designated in such instrument." (*Harris Mfg. Co. v. Marsh*, 49 Ia., 11 ; 4 Am. & Eng. Ency. of Law, 285.) There is no requirement of the Code that authorizes a court to insist upon setting out the act of incorporation in an action brought in the corporate name. The common law prevails in this state in all matters where there is no statute to the contrary. The Code has not changed the common law in this respect. It was therefore unnecessary to aver the act of incorporation.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.