Legnard v. Crane Co.

54  149
64  615

## John B. Legnard v. Crane Company.

1. CORPORATIONS—*Admission of Corporate Existence.*—The appearance of a defendant in a name which, not being the name of a person or persons, must, to be the name of a legal entity, be the name of a corporation, is an admission that such defendant is a corporation.

2. CORPORATE EXISTENCE—*Denial by Plea, When Necessary.*—An appearance by a plaintiff as a corporation, is an assertion that it is a corporation, to be denied only by a special plea of *nul tiel* corporation.

**Memorandum.**—Assumpsit upon a promissory note. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANT'S BRIEF, E. K. SMITH AND E. M. EHRLICH, ATTORNEYS.

In order to sue, a corporation must be duly organized; it must show where it was organized, for a corporation is an inhabitant of the State that created it, or of the State where

it keeps its records and principal office, and exists only in contemplation of law and by force of law, and can have no legal existence beyond the State or sovereignty by which it is created. Connor v. Vicksburg & M. R. Co., 36 Fed. Rep. 273; Rice v. Newport News & M. V. R. Co., 3 W. Va. 164.

A corporation can have no legal existence out of the State creating it. The exercise of any power in another State depends on the will of that State. Gill v. Ky. Min. Co., 7 Bush. (Ky.) 635; Thompson v. Waters, 25 Mich. 214; N. O., J. & G. R. R. Co. v. Wallace, 50 Miss. 244; Bank of Augusta v. Earle, 13 Pet. (U. S.) 512; O. & M. R. Co. v. Wheeler, 1 Black (U. S.) 286; Liverpool Ins. Co. v. Moss, 10 Wall. (U. S.) 566.

It is essential that a corporation should set out and allege that it is a body duly and legally incorporated by and under the laws of the State, and a corporation may be required to state whether it is a foreign or domestic corporation. 2 Beach on Private Corporations, Sec. 863; Natl. Temp. Soc., etc., v. Anderson (1888), 2 N. Y. Supl. 49.

APPELLEE'S BRIEF, WILBER, ELDRIDGE & PINNEY, ATTORNEYS.

"The general rule is that one who deals with a corporation as existing *de facto*, is estopped to deny as against it that it has been legally organized." Bushnell v. Consolidated Ice Mach. Co., 138 Ill. 67.

The defendant executed the note sued on, to plaintiff, and having thus dealt with it, he is therefore estopped to deny it is legally organized. Exchange Nat. Bk. of Hastings v. Capps, 49 N. W. Rep. 223.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of assumpsit upon a promissory note, the declaration beginning, "The Crane Company, a corporation, plaintiff."

The appellant demurred — the demurrer was overruled — and the appellant abiding by the demurrer, the appellee presented the note, a witness testified to a computation of interest, and the court rendered judgment for the amount due.

The only question presented that is not mere rubbish, is, whether the appellee should have set out in the declaration how it became, or is, a corporation.

In effect this was decided in the negative in Bank of Washtenaw v. Montgomery, 2 Scam. 422.

Appearance by a defendant in a name which, not being the name or names of a person or persons, must, to be the name of a legal entity, be the name of a corporation, is an admission that such defendant is a corporation. Supreme Lodge v. Zuhlke, 30 Ill. App. 98.

On the same principle such appearance by a plaintiff is an assertion that it is a corporation, only to be denied by a special plea of *nul tiel* corporation. Morris v. Trustees of Schools, 15 Ill. 266.

The quotation made from the declaration shows that it contains surplusage—the words " a corporation" being unnecessary. Exchange Nat. Bank v. Capps, 32 Neb. 242; S. C., 49 N. W. Rep. 223.

The judgment is affirmed.