PRUSSIAN NATIONAL INSURANCE CO. *v.* EISENHARDT.

1. PLEADING — DECLARATION — CORPORATE PLAINTIFF — DESCRIPTION—SUFFICIENCY.

A declaration describing plaintiff as the "Prussian National Insurance Company" is not obnoxious to demurrer on the ground that there is no averment that plaintiff is a corporation.

2. INSURANCE — FOREIGN CORPORATION — ACTION — PLEADING — AVERMENT OF AUTHORITY TO DO BUSINESS.

A declaration by a foreign insurance company on a bond is not demurrable under section 10467, 3 Comp. Laws, for failure to aver a compliance with the statute (sections 5123, 5133, 2 Comp. Laws) prescribing conditions under which foreign insurance companies may be permitted to do business in this State.

3. PRINCIPAL AND SURETY — ACTION ON BOND — DECLARATION — SUFFICIENCY—JOINT CONDITION AND JOINT BREACH.

A declaration in an action on a bond against two persons jointly which avers that defendants acknowledged themselves bound to plaintiff by their writing obligatory shown to the court, the condition of which was that one of the defendants, named, as agent for plaintiff should promptly pay over all moneys received by him as such agent, etc., and that he thereafter became indebted to plaintiff as such agent and refused to pay over the moneys, etc., sufficiently alleges a "joint condition in the bond and a joint breach of it."

4. SAME—LIABILITY OF DEFENDANTS—PRINCIPAL OR SURETY.

The declaration showing a joint obligation, and that one of defendants was plaintiff's agent, and that the bond was given to secure faithful performance of his duties as such, it sufficiently appears that the agent was the principal and the other defendant the surety in the bond.

5. JUDGMENT—FORM—JUDGMENT ON DEMURRER — TECHNICAL OBJECTION.

Under section 10272, subd. 12, 3 Comp. Laws, the use of the word "order" instead of "adjudged" in overruling a demurrer to a declaration is not reversible error.

Certiorari to the superior court of Grand Rapids;

Stuart, J.  Submitted April 10, 1908.  (Docket No. 28.)
Decided June 27, 1908.

Debt by the Prussian National Insurance Company
against Jacob Eisenhardt, impleaded with Frank L. Car-
penter, on a bond.  There was an order overruling a de-
murrer to the declaration, and defendant Eisenhardt
brings certiorari.  Affirmed.

*Allen C. Adsit* (*Frank L. Carpenter*, of counsel), for
appellant.

*Crane & Norris*, for appellee.

The plaintiff filed the following declaration in this
case:

"Prussian National Insurance Company, of Stettin,
Germany, plaintiff in this action, by Albert Crane, its
attorney, complains of Jacob Eisenhardt and Frank L.
Carpenter, defendants in this action by declaration filed
and served in this cause, according to the statute in that
case made and provided, of a plea that they render to the
said plaintiff five hundred dollars, which they owe to and
unjustly detain from it.

"For that whereas, the said Jacob Eisenhardt and
Frank L. Carpenter, heretofore, to wit, on, to wit, the first
day of November, A. D. 1901, at, to wit, the city of
Grand Rapids, county of Kent and State of Michigan, by
their certain writing obligatory, sealed with their seals
and now shown to the court here, the date whereof is the
day and year aforesaid, acknowledged themselves to be
held and firmly bound unto the said Prussian National
Insurance Company of Stettin, Germany, in the sum of
five hundred dollars above demanded, to be paid to the
said Prussian National Insurance Company of Stettin,
Germany, and the said Prussian National Insurance
Company of Stettin, Germany, according to the form of
the statute in such case made and provided, says that the
said writing obligatory was and is subject to a certain
condition thereunder written, whereby after reciting to
the effect following, to wit:  That the above named Jacob
Eisenhardt has been appointed agent of the Prussian
National Insurance Company of Stettin, Germany, for

Grand Rapids, in the county of Kent and State of Michigan, and has accepted said trust and agreed to make true records and regular reports of all business done as such agent, to keep true and correct accounts of all moneys and other securities received by him as such agent and pay over the same to said company monthly, within thirty days; to comply promptly with all the instructions of said company and on demand, within thirty days, to pay all moneys due and to deliver all goods, chattels, papers, books and other property of the company in his possession or under his control, to said company or its duly authorized agent, and to well and truly perform, all and singular, the duties of agent of said company, so long as he shall continue as such by the present appointment, and it being expressly understood and agreed that in case of default in payment of money due said company, any notes or other security therefor shall be considered additional security only, and that said writing obligatory should not be discharged thereby, nor by any act or thing other than the actual payment, in cash, of all moneys at any time due with interest thereon until paid. And it being further agreed that the said Prussian National Insurance Company of Stettin, Germany, might from time to time, without notice to the surety and without his consent and without relieving him from liability thereunder, give time to said agent, Jacob Eisenhardt, for an accounting and paying and handing over moneys and security for money due said company from said agent, it is provided that if the said Jacob Eisenhardt should well and faithfully perform all the above agreements and all and singular, the duties of agent of said company, then said writing obligatory to be void; otherwise to be and remain in full force and effect, and that proof of plaintiff's incorporation was waived. Nevertheless, the said Prussian National Insurance Company of Stettin, Germany, in fact, says:

"That after the making of the said writing obligatory, to wit, on the first day of February, A. D. 1906, the said Jacob Eisenhardt was indebted unto the said Prussian National Insurance Company of Stettin, Germany, in the sum of five hundred dollars of the moneys of the said Prussian National Insurance Company of Stettin, Germany, which the said Eisenhardt theretofore collected in his, the said Eisenhardt's, capacity as agent for the said Prussian National Insurance Company of Stettin,

Germany, for Grand Rapids, Kent county, Michigan, aforesaid, and being so indebted, did neglect and refuse for the space of, to wit, thirty days and upwards after demand to pay to the said Prussian National Insurance Company of Stettin, Germany, the said sum of money according to the tenor and effect of the said writing obligatory."

The declaration contained other formal and appropriate averments. To this declaration the defendant Carpenter pleaded the general issue with notice and also filed an affidavit denying the execution of the bond. Defendant Eisenhardt demurred to the declaration on the following grounds:

"1. That though this suit is brought in the name of an association, and no natural person is named as a responsible plaintiff, there is no averment in said declaration that plaintiff is a corporation.

"2. That it appears from said declaration, that the home, domicile and residence of said plaintiff is in Germany, and that it has attempted and seeks, herein and hereby, to do an insurance business in the State of Michigan; but said declaration contains no averment that said plaintiff has or ever had a license from the commissioner of insurance for said State to carry on such business, or that said plaintiff has or ever had any legal power or authority to carry on such business in said State.

"3. This defendant and said Carpenter are sued jointly herein, and said Carpenter is not averred to be a surety for this defendant, nor an agent or receiver for said plaintiff, nor shown by said declaration to be in default as to any obligation to plaintiff, by condition of said writing obligatory, or at all, either separately or jointly with this defendant.

"4. That though said defendants are sued jointly, it is not averred that said Carpenter is indebted to plaintiff by default in paying over its money, or that by the condition of the writing obligatory he bound himself to answer for the acts or defaults of this defendant in the premises."

This demurrer was overruled by the trial court and defendant Eisenhardt given permission to plead issuably to the declaration. The order overruling the demurrer is before us for review under a writ of certiorari taken out by appellant.

CARPENTER, J. (*after stating the facts*). 1. The first question for our consideration arises from the contention of appellant that the declaration is defective because it contains no averment that plaintiff is a corporation. It is to be observed that the plaintiff is described as the "Prussian National Insurance Company of Stettin, Germany."

In *Bennington Iron Co.* v. *Rutherford*, 18 N. J. Law, 105, the plaintiffs, by the name of the Bennington Iron Company, declared against the defendant. The defendant demurred upon the ground "that it does not appear on the bill that the plaintiffs are a corporation, or have any right to maintain this suit against the defendant." The court, through Nevius, J., said:

" In the present case, the name of the plaintiffs is distinctly stated, and the law will presume it to be truly stated till the contrary appear, and cannot without a tax upon common sense, infer it to be the name of an individual or natural person. Nor will it presume it to be the name of an unincorporated company or partnership, who can sue only in their individual names; but of an incorporated company who have a right to sue in their incorporated name."

See, also, *Dutchess Cotton Manufactory* v. *Davis*, 14 Johns. (N. Y.) 238; *Henderson & Nashville R. Co.* v. *Leavell*, 16 B. Mon. (Ky.) 358; *Legnard* v. *Crane Co.*, 54 Ill. App. 149; *Mississippi, etc., R. Co.* v. *Gaster*, 20 Ark. 455; *Farmers' & Millers' Bank* v. *Sawyer*, 7 Wis. 379. We are of the opinion that the first ground of demurrer was properly overruled.

2. Should the declaration have contained an averment that said plaintiff had a license from the commissioner of insurance of Michigan to carry on its business in Michigan? The defendant relies on section 10467, 3 Comp. Laws, and sections 5123, 5133, 2 Comp. Laws. Sections 5123 and 5133 prescribe conditions under which foreign insurance companies can do business in this State.

Section 10467 reads:

" But when, by the laws of this State, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act."

Assuming these sections to be applicable, the question presented by the demurrer is this: Must the declaration aver a compliance with their provisions? This question has not heretofore arisen in this court, but it has arisen in the highest courts of many of our sister States, and it is held by the great weight of authority that no such averment need be contained in the declaration or complaint, and that compliance with the law will be presumed. See *Sprague* v. *Lumber Co.*, 106 Ind. 242; *Nickels* v. *Saving Ass'n*, 93 Va. 380; *Langworthy* v. *Garding*, 74 Minn. 325; *Parlin & Orendorff Co.* v. *Boatman*, 84 Mo. App. 67; *Charles Roome Parmele Co.* v. *Haas*, 171 N. Y. 579; *Northern Assurance Co.* v. *Borgelt*, 67 Neb. 282; *American Ins. Co.* v. *Smith*, 73 Mo. 368; *Lehigh Valley Coal Co.* v. *Gilmore*, 93 Minn. 432. We are therefore of the opinion that the second ground of demurrer was properly overruled.

3. The third and fourth causes of demurrer may be considered together. To better understand the point there made, we quote from appellant's brief:

"Defendants are sued as joint obligors, and joint principals (though from the declaration it appears that one was a surety but not which one) without averring any joint condition to the obligation or any joint breach of it, though legally the judgment must go against both defendants or neither. Plaintiff having elected to bring an action against these defendants as joint obligors and principals in a bond, it devolves upon him to show a joint condition to the bond, and a joint breach of it."

This argument proceeds upon a misconception of the cause of action stated in the declaration. According to

that declaration, the failure of appellant Eisenhardt to pay the plaintiff the moneys collected by him constituted a joint cause of action. In other words, plaintiff has averred a "joint condition in the bond and a joint breach of it." Moreover, it does appear from the declaration that appellant Eisenhardt was the principal in said bond and defendant Carpenter the surety therein.

Appellant also seeks to make the point that, in overruling the demurrer, the trial court used the term "order" whereas he should have used the term "adjudged." Assuming, but not deciding, that this point is open for review, we dispose of it by saying that it is entirely lacking in merit. The order complained of has precisely the same effect as though it contained the word "adjudged." Judgments may not be reversed for such technicalities, 3 Comp. Laws, § 10272, subd. 12.

The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.