CLARK, EXECUTRIX, *v*. SHOCKLEY.

4-6961                                      169 S. W. 2d 635

Opinion delivered February 15, 1943.

*O. E. Williams,* for appellant.

*Charles W. Mehaffy, Joe D. Shepherd, Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

McFADDIN, J.  Appellant was the plaintiff in the lower court and has brought this appeal.  The material facts are:

On April 13, 1927, appellees, Willie G. Shockley and Floy L. Shockley, his wife, executed a note for $1,200 for value received, due April 1, 1934, which note was

secured by a mortgage on eighty acres of land, and the mortgage was duly executed and recorded. The indebtedness and security, through proper assignment, were, and are, held by the plaintiff; and payments were made by the Shockleys which tolled the statute of limitations between the parties, but no payments were ever indorsed on the margin of the record where the mortgage was recorded. So the mortgage became apparently barred as to third parties on April 1, 1939, (five years from the due date of the indebtedness described therein).

On December 14, 1937, the Shockleys executed a mortgage to their co-appellee, Bailey, which was promptly recorded and which described the same eighty acres of land described in the appellant's mortgage. This mortgage to Bailey made no reference to the appellant's mortgage; so on the face of the record, appellee, Bailey, was a third person to the appellant's mortgage.

Appellant filed this suit on November 1, 1939, and sought to foreclose her mortgage and have the same declared superior to the Bailey mortgage. Bailey answered seeking foreclosure of his mortgage and claiming the same superior to the appellant's mortgage. Appellant denied the *bona fides* of the notes and mortgage held by Bailey, and alleged that Bailey knew of the appellant's mortgage and that the indebtedness of the Shockleys to Bailey was fictitious.

The appellant proved her indebtedness and mortgage, and introduced considerable evidence in the form of stipulations, testimony of witnesses, and correspondence, in an effort to show that Bailey was estopped and barred from claiming his mortgage to be superior to the appellant's mortgage.

Bailey introduced no evidence except his mortgage and two notes. In the mortgage the indebtedness was described as follows: "The sale is on condition that whereas W. G. Shockley and Floy Shockley, his wife, are justly indebted unto said Robert Bailey in the sum of one thousand two hundred and no/100 dollars ($1,200), evidenced by one note for $150 due and payable November 15, 1938, and one note for $150 due and payable

November 15, 1939, with interest at eight per cent. if either note should become due and unpaid they both become due and payable at once; also one note for $900 due and payable November 15, 1940, with interest at eight per cent."

Bailey introduced the two notes, each for $150; but he neither attached as an exhibit to his complaint, nor introduced in evidence, nor offered any explanation as to the absence of, the other note for $900. It was shown in evidence by the appellant that the lands herein involved were assessed for $500 and forfeited to the state for the taxes of 1931, and were redeemed on November 8, 1937, by W. B. Shockley, and redemption deed sent in care of appellee, Bailey. The Shockleys admitted indebtedness to Bailey of $1,200 and the execution of *a note to him for that amount* and the execution of the mortgage.

The chancery court rendered judgment in favor of Bailey against the Shockleys for $1,620.53, and rendered judgment for appellant against the Shockleys for $2,438.75; and decreed the Bailey mortgage to be superior to the appellant's mortgage.

In this appeal, the appellant claims the lower court erred in:

1. Giving Bailey a decree for $1,620.53.

2. Decreeing the Bailey mortgage to be superior. We dispose of these assignments of error in the order listed.

I. The Amount of the Bailey Decree.

We find the appellant's first contention is well taken. Bailey offered in evidence the two notes, totaling $300; and there was evidence tending to show tax redemption by Bailey for the Shockleys, which would import consideration for these two notes against appellant's claim that the indebtedness was fictitious. But Bailey did not offer in evidence the other note for $900, and he did not explain its absence. It is a fundamental principle that, in order to sustain a judgment, the note sued on must be introduced in evidence or its absence explained.

In 8 C. J. 1058, the rule is stated as follows: "The bill or note sued on must in general be produced at the trial before a verdict and judgment can be rendered thereon, or an excuse shown for its nonproduction. . . ." Cases from many jurisdictions are cited to sustain the text, and the rule is given in the same language in 11 C. J. S. 199.

In 8 Am. Jur. 1121, the rule is in the following language: "Where a note sued on is in the possession of the plaintiff, he must produce it, as it is the best evidence. Nonproduction, however, is excused, and secondary evidence of the execution and contents of the instrument is admissible, where by reason of the facts and circumstances of the particular case its production by the plaintiff is prevented, . . ."

In the case of *Sebree* v. *Dorr,* 9 Wheaton 558, 6 L. Ed. 160, the Supreme Court of the United States, speaking by Mr. Justice Story, in 1824, said: "There is another objection, which is equally decisive of the case. It is, that there was no production of the original notes, nor any excuse offered to account for the nonproduction of them at the trial. It is a general rule of the law of evidence, that secondary evidence of the contents of written instruments is not admissible, when the originals are within the control or custody of the party. Here no proof was offered to show that the original notes were impounded, or that they were not within the possession of the party, or within the reach of the process of the court."

The above quotation is directly in point with the facts in the case at bar, and that case adds further weight to our holding here because the United States Supreme Court there had before it a statute of the state of Kentucky which provided that the proof of execution of an instrument was not required unless its execution was denied under oath. We have practically the same statute in Arkansas as the Kentucky statute. (See § 5123 of Pope's Digest.) Profert of a promissory note has been the law in Arkansas since 1842. See *Beebe* v. *The Real Estate Bank,* 4 Ark. 124; *Mississippi, Ouachita & Red*

*River R. R. Co.* v. *Gaster,* 20 Ark. 455. Recent annotations on kindred subjects can be found in 102 A. L. R. 460 on "the possession of a note is essential to maintain the action"; and in 129 A. L. R. 977 on "the necessity of producing in court the note or evidence of debt sued on."

So, we conclude that the trial court erred in declaring a judgment in favor of Bailey for any amount greater than the two notes introduced in evidence.

## II. The Superiority of the Bailey Mortgage.

We find the appellant's second point is without merit. The appellant failed to comply with §§ 9436 and 9465 of Pope's Digest, and by reason of such failure, she allowed the lien of her mortgage to become junior to the Bailey mortgage. In *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278, 134 Am. St. Rep. 78, Judge FRAUEN-THAL, speaking for the court, in reference to § 5399 of Kirby's Digest (which, with amendments not important to the case here, is § 9465 of Pope's Digest) said: "The effect of that statute, as to strangers to the transaction, is that when the debt secured by a mortgage is apparently barred by limitation, and no payments which would stay the limitation are indorsed on the margin of the record of the mortgage, it becomes as to such third parties an unrecorded mortgage; and like an unrecorded mortgage it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage. *Jacoway* v. *Gault,* 20 Ark. 190, 73 Am. Dec. 494; *Jarratt* v. *McDaniel,* 32 Ark. 598; *Neal* v. *Speigle,* 33 Ark. 63; *Ford* v. *Burks,* 37 Ark. 91; *Dodd* v. *Parker,* 40 Ark. 536; *Martin* v. *Ogden,* 41 Ark. 186; *Wright* v. *Graham,* 42 Ark 140; *Hill* v. *Gregory,* 64 Ark. 317, 42 S. W. 408."

Many subsequent cases have recognized and enforced this statute. Some of the more recent of these are: *Merchants & Planters Bank* v. *Citizens Bank of Brady,* 175 Ark. 417, 299 S. W. 753; *Wells* v. *Farmers' Bank & Trust Co.,* 181 Ark. 950, 28 S. W. 2d 1059; *Connelly* v. *Hoffman,* 184 Ark. 497, 42 S. W. 2d 985; *Bank of*

*Mulberry* v. *Sprague,* 185 Ark. 410, 47 S. W. 2d 601; *Johnson* v. *Lowman,* 193 Ark. 8, 97 S. W. 2d 86.

The fact that the appellee, Bailey, knew of the appellant's mortgage is not determinative. The record does not affirmatively show that Bailey was ever employed by appellant. There is nothing to show that he was other than a stranger or a third person to the appellant's mortgage. The appellant could, at any time, have complied with §§ 9436 and 9465 of Pope's Digest. She could have filed her suit in ample time if she had been diligent. The failure of the appellant either to make the indorsements required by the statute, or to file her suit in ample time has rendered the Bailey mortgage superior to the appellant's to the extent of the indebtedness that Bailey actually proved; and, therefore, the appellant's second point is without merit.

It, therefore, follows that the decree of the chancery court is reversed, and the cause is remanded with instructions to reduce the Bailey judgment from the sum originally rendered to the sum of $300, with interest at eight per cent. from December 14, 1937, until paid, and for no greater amount; and for further proceedings in accordance with this opinion. The costs of this appeal are taxed against appellee, Bailey.

ROBINS, J., dissents.