GARLAND ANTHONY JR. ET UX *v.* FIRST NATIONAL BANK OF MAGNOLIA ET AL

5-4524 & 5-4525                    431 S. W. 2d 267

Supplemental opinion delivered September 3, 1968

JOHN A. FOGLEMAN, Justice. Appellants state in their motion for rehearing that notes #86019 and #87602 have been paid from funds handled by the First National Bank of Magnolia, through mistake and without any authority from appellants. The inference is that this was done without the knowledge of the appellants until sometime after the trial of the case.

A re-examination of the record in this case shows that these notes were never offered in evidence, although

copies were exhibited with the complaint. While there is an admission on the part of Garland Anthony, Jr. that he executed these notes, appellants are correct that their validity as evidence of an indebtedness by him was questioned throughout the proceedings and on this appeal. Judgment could not have been rendered in favor of appellants without the introduction of the original notes or an explanation for the failure to do so. *Clark v. Shockley,* 205 Ark. 507, 169 S. W. 2d 635. This re-examination also reveals that the statement in the original opinion that these notes were included in judgments for interest may not be justified. The record reflects that it was conceded through statements of counsel that these notes related to interest attributable to note #65935. The record is not clear as to the exact manner in which these notes were handled. It is not entirely clear whether the bank loaned money to Garland Anthony, Jr. which was then applied to payment of interest, or whether the notes merely represented accrued interest. Neither is it clear whether one of these notes might represent a part of the $4,500 which Anthony admits having paid on the principal obligation. In any event, liability on the notes was controverted and they were never introduced in evidence. For this reason the decree of the trial court should have denied recovery thereon.

In appellees' brief it was stated that these notes were not in issue and that they had been previously paid by agreement of the parties during pendency of the action. In a reply brief, appellants appropriately called attention to the fact that this statement is unsupported by the record. The record does reflect that counsel for appellees, during the trial, stated that liability on these notes was still in issue.

Appellants now ask that this amount be credited against the judgment rendered against Garland Anthony, Jr. There is nothing in the record before us to justify this action. It is not clear to us whether the ap-

plication of funds complained of by him was made before or after the rendition of the decree in the lower court.

Rehearing is denied without prejudice to any right appellants might have to apply to the trial court for any relief to which the facts might show them to be entitled on account of newly discovered evidence and without prejudice to any recovery to which appellants might be entitled in a separate action because of matters arising or occurring after the rendition of the decree in the lower court.

BYRD, J., dissents.