**FIRST STATE BANK OF CHICO,**
Appellant,

v.

**Gene SMITH, Appellee.**

No. 17360.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 22, 1972.

Morgan & Nobles, Decatur, Ernest May, Fort Worth (on appeal only), for appellant.

Herrick & Bell, and John W. Herrick, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

The appellant Bank sued the appellee Smith upon a promissory note and to foreclose a security interest upon 17 cows. The trial was upon amended pleadings. In effect, the defenses alleged were non est factum and want of consideration. After the appellant had rested its case appellee moved for an instructed verdict on the ground, among others, that appellant had failed to meet its burden of proving that it was the present holder of the note sued upon. The court charged the jury, peremptorily, to find for the defendant. Judgment went accordingly. The appellant moved for a new trial. The motion was overruled by operation of law.

The appeal is based upon five points of error which attack the peremptory charge and implied holdings that the Bank, among other things, had to prove itself the holder of the note.

We affirm.

The promissory note sued on was not introduced into evidence. There was no testimony of any kind offered that the Bank was the present holder of the note. In the absence of such proof, the Court had no alternative but to direct a verdict.

In Webb v. Reynolds, 207 S.W. 914, 917 (Tex.Com.App., 1919) it was said that, " . . . It has been repeatedly held in this state that the absence of a sworn pleading, questioning the genuineness of a written instrument, does not dispense with the production of the instrument in court; and where a written instrument is declared on in a petition, and there is a general denial,

it is necessary, in order to establish plaintiff's case, for him to offer the instrument in evidence."

In Blair v. Halliburton Company, 456 S.W.2d 414, 415 (El Paso, Tex.Civ.App., 1970, no writ hist.), the Court said that, "The purpose of requiring production of the instrument is to show that the instrument has not been transferred or assigned to another; in other words, that the plaintiff is the then holder."

In Alexander v. Houston Oil Field Material Company, 386 S.W.2d 540, 543 (Tyler, Tex.Civ.App., 1965, ref., n. r. e.) it was held that, "Unless the plaintiff can demonstrate that he is the present owner and holder of a negotiable note, he has no claim. A general denial imposes on the plaintiff the duty of producing and offering in evidence the note sued on."

In Shahan v. Eakin, 422 S.W.2d 751, 752 (Eastland, Tex.Civ.App., 1967, no writ hist.) the court stated that, " . . . Eakin, therefore, had the burden of proving that he was presently the owner and holder of the note. Proof of such fact was essential to his right to recover. No such proof is shown in the record. A photostatic copy of the note was attached to Eakin's affidavit in support of his motion for summary judgment but that was no proof that he was presently the owner and holder thereof."

The record before this Court contains no evidence that appellee actually received a loan from the appellant Bank. There is no evidence that appellee signed a note or that if he had signed a note that the appellant Bank was the named obligee on the note. There is no evidence that the appellant Bank was the present holder at the time of the trial of the note sued on. Because of the latter reason, if none other, the trial court correctly directed a verdict at the close of appellant's case.

All points of error have been considered and each is hereby overruled. The judgment of the trial court is affirmed.