J. L. CHAVIERS *v.* Hoyle SIMMONS et ux

74-21                                    510 S.W. 2d 301

Opinion delivered June 10, 1974

*Holmes, Holmes & Trafford,* for appellant.

*Thurman Ragar, Jr.,* for appellee.

CONLEY BYRD, Justice. In suing upon a check given by appellant J. L. Chaviers the appellees Mr. & Mrs. Hoyle Simmons attached to their complaint an alleged copy of the check and an affidavit of no defense pursuant to Ark. Stat. Ann. § 27-1142 (Repl. 1962). Appellant in filing his answer pro se did not file an affidavit of merit as required by the statute. Upon a motion to strike appellant's answer, the trial court continued the matter to permit appellant to employ counsel. On July 18, 1973, after hearing arguments of counsel on the issue of striking appellant's pro se answer, the trial court continued the matter for both parties to file briefs. The briefs were filed between July 14 and July 26, 1973. On July 31, 1973, the trial court ordered that the answer of appellant be stricken and entered judgment against appellant for $1,-486.00, the amount of the check. For reversal, appellant contends that Ark. Stat. Ann. § 27-1142, *supra,* does not apply to dishonored checks and that appellees were not entitled to judgment without production of the dishonored check.

We find no merit in appellant's contention that the trial

court erred in striking his answer. Ark. Stat. Ann. § 27-1142, *supra*, by its' terms applies to "actions founded upon a note, bond, bill of exchange, mortgage, or other written instruments." Neither do we find anything in the commercial code that is in conflict therewith.

While we agree that the trial court was proper in striking the answer filed by appellant, it does not follow that the trial court was correct in entering judgment without a profert. In the case of *Clark, Executrix* v. *Shockley*, 205 Ark. 507, 169 S.W. 2d 635 (1943), we pointed out that "[I]t is fundamental principle that, in order to sustain a judgment, the note sued on must be introduced in evidence or its absence explained." In so holding we said:

> "In the case of *Sebree* v. *Dorr*, 9 Wheaton 558, 6 L. Ed. 160, the Supreme Court of the United States, speaking by Mr. Justice Story, in 1824, said: 'There is another objection, which is equally decisive of the case. It is, that there was no production of the original notes, nor any excuse offered to account for the nonproduction of them at the trial. It is a general rule of the law of evidence, that secondary evidence of the contents of written instruments is not admissible, when the originals are within the control or custody of the party. Here no proof was offered to show that the original notes were impounded, or that they were not within the possession of the party, or within the reach of the process of the court.'
>
> The above quotation is directly in point with the facts in the case at bar, and that case adds further weight to our holding here because the United States Supreme Court there had before it a statute of the state of Kentucky which provided that the proof of execution of an instrument was not required unless its execution was denied under oath. We have practically the same statute in Arkansas as the Kentucky statute. (See § 5123 of Pope's Digest.) Profert of a promissory note has been the law in Arkansas since 1842. See *Beebe* v. *The Real Estate Bank*, 4 Ark. 124; *Mississippi, Ouachita & Red River R. R. Co.* v. *Gaster*, 20 Ark. 455. Recent annotations on kindred sub-

jects can be found in 102 A.L.R. 460 on 'the possession of a note is essential to maintain the action'; and in 129 A.L.R. 977 on 'the necessity of producing in court the note or evidence of debt sued on.' "

The Uniform Commercial Code, Ark. Stat. Ann. § 85-3-307(2) (Add. 1961), also recognizes the necessity of a profert before entry of a judgment.

It has been suggested that we should not consider the lack of profert since it is raised for the first time on appeal. However, Ark. Stat. Ann. § 27-1762 provides that the absence of an objection in the trial court will not prejudice a party ". . .if a party has no opportunity to object at the time it is made. . . ." The record here shows that the trial court's order of July 13, 1973, treated the appellee's motion as one "to strike the answer of defendant." The parties addressed themselves to that issue in their memorandum briefs before the trial court. So far as the record before us shows the trial court in deciding the motion to strike the answer upon the briefs presented also and simultaneously therewith entered judgment for the amount of the check without requiring a profert. Thus, it would appear that appellant had no opportunity to object to the entry of a judgment without a profert at the time it was made.

It follows that the trial court correctly struck appellant's answer pursuant to Ark. Stat. Ann. § 27-1142, *supra*. However, it erred in entering a judgment without a production of the instrument sued upon.

Reversed and remanded.

GEORGE ROSE SMITH, BROWN and FOGLEMAN, JJ., dissent.