MARY E. McKIRGAN AND FIRST NATIONAL BANK OF MARYLAND, PERSONAL REPRESENTATIVES OF THE ESTATE OF CLARENCE M. PLITT
*v.* AMERICAN HOSPITAL SUPPLY CORPORATION

[No. 1351, September Term, 1976.]

*Decided July 13, 1977.*

The cause was argued before THOMPSON, MOYLAN and LISS, JJ.

*Walter I. Seif, Jr.*, with whom were *Seif & Cagan* on the brief, for appellants.

*Francis B. Burch, Jr.*, with whom was *Joseph G. Finnerty, Jr.*, on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Clarence M. Plitt, since deceased, filed suit in the Circuit Court for Baltimore County against the American Hospital Supply Corporation alleging that the latter on August 10, 1972, issued its check No. 712080, in the amount of Eight Thousand Five Hundred Thirty-Five Dollars and Sixty-One Cents ($8,535.61), to the order of Haemo-Sol, Inc., which, after endorsing the check in blank, delivered same to the plaintiff. The plaintiff accepted the check for value and in good faith without notice of any defense and duly presented the check for payment, but the defendant dishonored the check by stopping payment thereon.

In its answer, the American Hospital Supply Corporation alleged that the payment of the check was stopped by the defendant at the request of the payee thereof, Haemo-Sol, Inc. who advised that the check in question had been stolen from its mail. Subsequently, a second check in the same amount was forwarded to Haemo-Sol, Inc. and said check was paid shortly thereafter. Haemo-Sol, Inc. further advised the defendant that the endorsement purporting to be that of Haemo-Sol, Inc. on the back of the check was a forgery.

The principal evidence offered at trial was the deposition of the late Clarence M. Plitt in which he stated that a Mr.

Banks, who was known by Plitt to be the sole owner of Haemo-Sol, Inc., endorsed to him a check payable to Haemo-Sol, Inc. and issued by American Hospital Supply Corporation, in payment of a personal debt. The dishonored check was not placed into evidence. The trial judge found that Plitt was not a holder in due course and found for the appellee. The appellant alleges error in this finding.

The initial step in an action to enforce an obligation of a purported signer of an instrument is to establish the existence of the instrument and signature. *Md. Code,* Commercial Law Article § 3-307 provides:

> "(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

> "(a) The burden of establishing it is on the party claiming under the signature; but

> "(b) The signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

> "(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

> "(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

The appellee specifically raised the issue of the effectiveness of the signatures. Under § 3-307 (1) the burden of establishing that the signature was genuine or authorized was then on the appellant, *but* he is aided by the presumption that it is genuine. The deposition of the deceased, Mr. Plitt, raised the presumption that the signature was genuine and that burden was met in the absence of evidence to the contrary. *See Wolfe v. Madison National Bank,* 30 Md. App. 525, 529-530, 352 A. 2d 914 (1976).

Under § 3-307 (2) a holder is entitled to recover upon production of the instrument once the signatures are admitted or established in the absence of a defense. By definition a holder is a person who is in possession of an instrument issued or endorsed to him or his order or to bearer or in blank. Commercial Law Art. § 1-201 (2). The production of the instrument establishes possession. Inasmuch as the signatures on the instrument were established, it appears the appellant would have been entitled to a verdict in its favor, if it had produced the instrument. The failure to produce it, or satisfactorily explain its absence prevents recovery. *Chaviers v. Simmons*, 256 Ark. 731, 510 S.W.2d 301 (1974); *First State Bank of Chico v. Smith*, 488 S.W.2d 837 (Tex. Civ. App. 1972) and *Ferris v. Nichols*, 245 So. 2d 660 (Fla. App. 1971). The basis for this rule is that it protects a defendant against the negotiation of the instrument.

The trial judge, overlooking the provisions of Commercial Law Art. § 3-307 (2) and (3) requiring the production of the instrument and *the establishment of a defense*, found:

"From the totality of the evidence presented, this Court is persuaded that the requirement of subsection (c) of Section 3-302 of the Commercial Law Article precludes Mr. Plitt from claiming the rights and status of a Holder in Due Course. Article 3-304 (2), which is titled "Notice to Purchaser", defines notice of a claim as knowledge that a corporate fiduciary has negotiated a check made payable to the corporation in payment of a personal debt. The check that was given to Plitt was a corporate check in payment of a personal debt and was endorsed by Mr. Banks only. This fact the Court deduces from the Plaintiff's deposition. (The check itself was never placed in evidence.) Since Mr. Plitt is not a Holder in Due Course, he is therefore subject to the limitations of Section 3-306. In short, viewing this transaction on the evidence presented to this Court, it is obvious that Plitt cannot be a Holder in Due Course because he took a corporate

check from a fiduciary of the corporation and the check was endorsed to him to pay-off a personal loan."

Although we agree with this finding, we affirm the judgment for the reasons we have given above. In the exercise of our discretion, we decline to remand for further proceedings as the summary judgment proceedings in the record leave little doubt that the drawer of the check has a good defense.

*Judgment affirmed.*
*Appellants to pay the costs.*