# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | No. 70295-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHIKO STEHRENBERGER, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

2014 APR 28 AM 9: 36
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

Cox, J. – Michiko Stehrenberger appeals the grant of summary judgment in favor of JPMorgan Chase Bank, N.A. (Chase) to enforce her admittedly delinquent loan obligation. Because Chase has the authority to enforce the note as the transferee of Washington Mutual Bank's (WaMu) assets, we affirm.

On September 11, 2007, Stehrenberger executed a promissory note in the amount of $50,000 to WaMu.

On September 25, 2008, WaMu failed, and the Federal Deposit Insurance Corporation placed the bank in receivership. Under a purchase and assumption agreement, Chase purchased all of WaMu's assets. The FDIC, as receiver, assigned to Chase "all right, title, and interest of the Receiver in and to all of the assets [of WaMu]." The agreement expressly included loans among the transferred assets. Chase received an electronic record generated by WaMu of the loan disbursements and payments made by Stehrenberger.

In 2010, Stehrenberger admittedly defaulted by failing to make payments to Chase. She claimed that the FDIC did not execute an assignment identifying

her loan when it transferred WaMu's assets to Chase. She also claims that Chase did not have possession of the original note.

In 2011, Chase commenced this action on the delinquent note. Stehrenberger answered and asserted numerous defenses and counterclaims. The trial court granted Chase's motion to dismiss for some of the counterclaims. The trial court denied Stehrenberger's motion for reconsideration.

After extensive discovery by Stehrenberger, Chase moved for summary judgment on the delinquent note and Stehrenberger's unjust enrichment and Consumer Protection Act counterclaims. Stehrenberger moved for declaratory relief or partial summary judgment.

The trial court granted Chase's motion and dismissed the remaining counterclaims. It did so notwithstanding that Chase does not have possession of the original note. Chase does have copies, showing the terms of the note.

The trial court stated that Chase is owed $46,598.53 and past-due interest of $2,810.79 under the promissory note. Additionally, the trial court explained that Stehrenberger's motions were moot. The trial court denied Stehrenberger's motion for reconsideration.

Stehrenberger then sought "adequate protection" to guard against a third party attempting to enforce the lost promissory note. The trial court denied this motion.

The trial court also granted Chase's motion for attorney fees as prevailing party under the note. It awarded $98,446.76 in attorney fees "in light of [Stehrenberger's] protracted defense of this matter."

2

Stehrenberger appeals.

## AUTHORITY TO ENFORCE PROMISSORY NOTE

Stehrenberger argues that the trial court erred when it granted summary judgment to Chase. Specifically, she argues that Chase did not have the authority to enforce the promissory note because it never had physical possession of the original promissory note. We disagree.

Summary judgment decisions are reviewed de novo.[1] Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.[2]

Under 12 U.S.C. § 1821(d)(2)(G)(i)(II), the FDIC has the authority to "transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment, or consent with respect to such transfer."

Here, the FDIC transferred all of WaMu's loans and loan commitments to Chase pursuant to a purchase and assumption agreement dated September 25, 2008. The agreement used broad language to describe the transfer of all of the failed bank's assets:

> Subject to Sections 3.5, 3.6 and 4.8, the Assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the Receiver in and to *all of the assets* (real, personal and mixed, *wherever located and however acquired*) including all subsidiaries, joint ventures, partnerships, and any and all other business combinations or arrangements,

---

[1] <u>Ranger Ins. Co. v. Pierce County</u>, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

[2] CR 56(c).

3

whether active, inactive, dissolved or terminated, of the Failed Bank whether or not reflected on the books of the Failed Bank as of Bank Closing.[3]

Given this broad language, Stehrenberger's promissory note is among the assets transferred to Chase.

There is no dispute that Stehrenberger's note is a negotiable instrument under Washington's Uniform Commercial Code (UCC). Accordingly, we look first to the UCC to determine whether Chase had the authority to enforce the note.

In Federal Financial Co. v. Gerard, this court explained that RCW 62A.3-203(b) sets out the rights of an assignee of a note:

> **"Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument,** including any right as a holder in due court, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."[4]

This court concluded that "the unambiguous language of the above statutory provision supports the conclusion that the assignment of a note by the FDIC carries with it the right to enforce the instrument."[5] This court explained that this conclusion is consistent with "the policy of the Code that promotes a free market for negotiable instruments" and "Washington's common law respecting assignability of contract rights."[6]

---

[3] Clerk's Papers at 621, 633 (emphasis added).

[4] 90 Wn. App. 169, 176-77, 949 P.2d 412 (1998) (quoting RCW 62A.3-203(b)).

[5] Id. at 177.

[6] Id.

4

Here, in accordance with <u>Gerard</u>, the FDIC's transfer of all assets of the failed bank to Chase carried with it the authority to enforce Stehrenberger's note. This is because Chase purchased *all* of WaMu's assets as shown by the purchase and assumption agreement.

Stehrenberger makes a number of arguments to challenge Chase's authority to enforce her promissory note. None are persuasive.

First, her primary argument is based on the Washington UCC provision that discusses the enforcement of lost, destroyed, or stolen instruments. Specifically, she contends that RCW 62A.3-309(a) required Chase to have physical possession of the original promissory note in order to enforce it. Because Chase admits that it never had physical possession of the note, she contends that Chase did not have the authority to enforce the note. We disagree.

RCW 62A.3-301 explains who is entitled to enforce a negotiable instrument:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) *a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309* or 62A.3-418(d).[7]

If a person is not in possession of the instrument, RCW 62A.3-309 explains when lost, destroyed, or stolen instruments may be enforced. There are number of requirements stated in two subsections of this statute. The first subsection provides:

---

[7] (Emphasis added.)

5

(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.[8]

As a United States bankruptcy panel of the Ninth Circuit explained, "The plain meaning of RCW 62A.3-309(a) is that a person no longer in possession of an instrument is nonetheless entitled to enforce it if that person was in possession and entitled to enforce it when the loss of possession occurred."[9]

Since Chase admits that it never had possession of the original note, the issue is whether Chase can meet the requirements of RCW 62A.3-309(a). Because Chase purchased all of WaMu's assets and the rights that come along with them, Chase steps into the shoes of WaMu and can meet the statutory requirements in WaMu's capacity. As Chase argues, it proved the three requirements:

> WaMu possessed the Note and was entitled to enforce it because Stehrenberger admits signing the instrument and leaving it with WaMu (satisfying the first element). CP 249 ¶ 64. Stehrenberger presented no evidence on summary judgment (and none exists) showing WaMu transferred the Note to anyone except Chase, who bought the Note from the FDIC, as receiver (satisfying the second element). If WaMu lost the Note, then it is a tautology that the Note's whereabouts could not be determined (satisfying the third element). Accordingly, WaMu was entitled to enforce the Note, and

---

[8] RCW 62A.3-309(a).

[9] In re Allen, 472 B.R. 559, 566 (B.A.P. 9th Cir. 2012).

Chase bought all the rights of WaMu, including the right to enforce the Note. See Gerard, 90 Wn. App. at 183.[10]

There is nothing in RCW 62A.3-309 that prohibited a lost, destroyed, or stolen instrument from being transferred to Chase. Thus, subsection (a) of RCW 62A.3-309 is not a barrier to Chase enforcing Stehrenberger's note.

Additionally, "Subsection (b) requires a proponent under subsection (a) to prove the terms of the instrument, e.g., via a Lost Note Affidavit."[11] Chase met the requirements of the second subsection, RCW 62A.3-309(b), which states:

> (b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, RCW 62A.3-308 applies to the case as if the person seeking enforcement had produced the instrument.

Chase was able to prove the terms of the instrument by producing a true and correct copy of the instrument. Moreover, as previously discussed, Chase is entitled to enforce the instrument as the transferee of WaMu's assets.

Stehrenberger cites several cases from other jurisdictions, including Dennis Joslin Co. v. Robinson Broadcasting Corp.[12] These cases suggest that an assignee may not enforce a note that was lost, destroyed, or stolen **before**

---

[10] Brief of Respondent-Plaintiff JPMorgan Chase Bank, N.A. at 28-29.

[11] In re Allen, 472 B.R. at 566.

[12] Amended Brief of Appellant at 21-24 (citing Dennis Joslin Co., LLC v. Robinson Broad. Corp., 977 F. Supp. 491 (D.D.C. 1997); McKay v. Capital Res. Co., Ltd., 327 Ark. 737, 940 S.W.2d 869 (Ark. 1997); State Street Bank and Trust Co. v. Lord, 851 So.2d 790 (Fla. Dist. Ct. App. 2003)); see also Appellant's Statement of Additional Authority (citing In re Harborhouse of Gloucester, 505 B.R. 365 (Bankr. D. Mass. 2014)).

assignment.[13] But these extrajurisidictional cases do not control this case. Here, Chase is able to enforce the note because it purchased all of WaMu's assets and can fulfill the requirements of RCW 62A.3-309 in WaMu's capacity.

Second, Stehrenberger argues that Chase did not prove the elements of RCW 62A.3-309 because it did not produce a "lost note affidavit." But she fails to cite authority that a "lost note affidavit" is needed to prove the elements of RCW 62A.3-309. As previously discussed, Chase pointed to evidence that proves that the statutory requirements were met. It does not matter that they were not contained in a "lost note affidavit."

Third, Stehrenberger contends that even if Chase is the "owner" of the note "proof of *direct* physical possession by the 'person seeking to enforce' is still required to be able to enforce a note that is a negotiable instrument." Because the previous analysis does not hinge upon whether Chase is the "owner" of the note, we need not address this argument.

Fourth, Stehrenberger asserts that Chase did not acquire WaMu's assets by operation of law. But the prior analysis does not make such assertion. Rather, the transfer was made pursuant to a purchase and assumption agreement. Thus, this argument is not relevant.

Fifth, Stehrenberger argues that "[u]nder RCW 5.46.010 a mere copy of a negotiable instrument is not admissible in place of the original for the purpose of seeking enforcing payment upon it." But that statute addresses evidentiary

---

[13] Dennis Joslin Co., LLC, 977 F. Supp. at 495; McKay, 327 Ark. at 740-41; State Street Bank and Trust Co., 851 So.2d at 792; In re Harborhouse of Gloucester, 505 B.R. at 371-72.

issues, not the UCC. It states that copies of business records are admissible.[14] Thus, this argument is not persuasive.

Sixth, Stehrenberger, in her reply brief, makes a number of arguments challenging the validity of the purchase and assumption agreement between the FDIC, as receiver of WaMu, and Chase. She cites Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC to assert that she has standing to challenge the assignment as an "obligor."[15] But, as that case explains, Stehrenberger does not have standing to challenge the assignment to which she was not party because she is not at risk for having to pay the debt twice.[16] Thus, these arguments are not persuasive.

Because the trial court properly granted summary judgment in favor of Chase, we deny Stehrenberger's request that we reverse the dismissal of her unjust enrichment and Consumer Protection Act claims.

Chase also asserts that we may affirm the trial court based on res judicata. Given our previous discussion, we need not to rely on this basis.

## ADEQUATE PROTECTION

Stehrenberger next argues that the trial court abused its discretion when it denied her CR 59 motion to amend the judgment to provide her with adequate protection against a third party from enforcing the promissory note. We disagree.

---

[14] RCW 5.46.010.

[15] Reply Brief of Appellant at 10 (citing Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 Fed. Appx. 97, 102 (6th Cir. 2010)).

[16] Livonia Props. Holdings, LLC, 399 Fed. Appx. at 102.

RCW 62A.3-309(b) provides an adequate protection requirement when a person seeks to enforce a lost, destroyed, or stolen instrument:

> The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

CR 59(h) authorizes the trial court to alter or amend a judgment if a motion is brought within 10 days. This court reviews a trial court's denial of a CR 59 motion to amend judgment for abuse of discretion.[17]

Here, the trial court did not abuse its discretion in denying the motion to amend. Stehrenberger's promissory note was payable to WaMu, and Chase is now the only entity that can enforce WaMu's loans. There is no evidence that she is at risk of having any entity other than Chase attempt to enforce the loan. Given this low risk, the trial court did not abuse its discretion when it denied the CR 59 motion.

## ATTORNEY FEES

Finally, Stehrenberger asserts that the trial court abused its discretion when it awarded Chase $98,446.76 in attorney fees as the prevailing party under the promissory note. Specifically, she argues that the trial court did not consider her objections to Chase's billings. We disagree.

Under RCW 4.84.330, the prevailing party in an action to enforce or defend a contract is entitled to attorney fees and costs as provided by the

---

[17] Collins v. Clark County Fire Dist. No. 5, 155 Wn. App. 48, 81, 231 P.3d 1211 (2010).

10

contract.[18] As the parties agree, the promissory note provides that the bank is entitled to attorney fees and costs. RCW 4.84.330 makes this unilateral provision bilateral. Thus, the "prevailing party" is entitled to an award.

We review the amount of an attorney fee award for an abuse of discretion.[19]

Stehrenberger does not dispute that Chase was the prevailing party in the trial court. Rather, she contends that the trial court did not consider her "opposition and objections, identifying specific items on Chase's billings that [she] asserted were improperly billed as a result of wasteful or duplicative activities unnecessary for the prosecution of the case."

But in the order granting attorney fees to Chase, the trial court stated that it "reviewed the motion and the pleadings filed herein," which would include Stehrenberger's "Amended Opposition to Plaintiff JPMorgan Chase Bank, N.A.'s Motion to Fix Attorney Fees as Costs of Suit." Additionally, the trial court stated that the amount of fees and costs was "reasonable and necessary to prosecute plaintiff's claims in light of defendant's protracted defense of this matter." Given these statements in the order, the trial court considered Stehrenberger's objections to the attorney fees and thus it did not abuse its discretion when it made the award.

---

[18] Reeves v. McClain, 56 Wn. App. 301, 311, 783 P.2d 606 (1989).

[19] Morgan v. Kingen, 166 Wn.2d 526, 539, 210 P.3d 995 (2009).

Both parties request attorney fees if they are the prevailing party on appeal. Because Chase is the prevailing party on appeal, it is entitled to fees and costs, subject to its compliance with RAP 18.1.

We affirm the grant of summary judgment and award reasonable attorney fees to Chase, subject to its compliance with RAP 18.1.

_____Cox, J._____

WE CONCUR: